RENE H. HIMEL, Judge ad hoc.
Defendant appeals from a judgment condemning him to pay damages to a parked automobile. He drove his car to the B. & R. Service Station for repairs. He asked the operator to drive him to his office and then drive the car back when he was told that he would have to leave the car at the station for the repairs.
He was told by Blake, one of the owners, to whom he was talking, that there was no service station man available, as he, Blake, was alone. Blake said to him, however, there are boys hanging around sometimes; see if there are any there. Blake was then working in the rear and did not see any one on the premises.
Harrison saw a boy named Nace Norfin, Jr., talked to him about whether he had a driver’s license and arranged with the boy to ride with him to his office and then drive the car back to the garage. Norfin did so, and, on his return, drove the car into a car parked on St. Charles Ave.
Appellant poses the question for whom was Norfin acting at that time?
The answer is obvious, but his counsel urges that Norfin was Blake’s employee and that Blake tendered him to Harrison. Harrison testified that he saw Norfin working at the grease rack when he talked to him, and he produced a statement which he had typewritten and had Norfin to sign, in which Norfin is made to say that he was working for Blake at the time.
Norfin was working at a nearby grocery store at that time and was just “hanging around” the station.
Blake testified that Harrison was a longtime customer. He wanted service on the day of the accident. On occasions like that when it was necessary for Harrison to leave his car, Blake, his partner or some one working there drove him to his office. There was no one available to do so on this occasion.
He saw Harrison drive away with Nace, who was not working for him then. He said: “I guess he was just hanging around there.”
Pie testified that he did not tell Harrison to ask Nace to drive him down town.
Nace worked for him at the time of the trial, but was not working for him at the time of the accident. And, while working for him, Nace has never driven cars for the station or its customers.
Nace Norfin testified that Harrison asked him what he was doing, and that he told Harrison: “I’m just standing up, looking around.” He said for me to come and go with him and bring his car back. He replied: “Yes, sir, I’ll go with you.”
*155 He testified that he was not working for Blake, but was working in a grocery store. He had never driven any cars for Blake.
Harrison, he said, gave him a dime tip.
The trial judge gave the following written reasons, which we approve and make part of this opinion:
“This case arises purely on the question, because of the stipulation in the record, whether or not the colored boy, Nace Nor-fin, was an employee of the B. & R. Service Station or whether or not he was the agent, as alleged, of this Defendant. The testimony of Mr. Blake, Partner of the service station, is unequivocally to the effect the boy at the time was not employed by him. The testimony of the boy himself is that he was not employed by Blake. On the contrary, the testimony of the Defendant is that from his interrogation of the negro boy he was an employee of the B. & R Service Station. The thing that strikes the Court most significantly as of this date, and seeing this colored boy, this boy is positively mentally retarded as he appears here in Court today. He appears to this Court as to be almost half-witted, and the Court cannot understand, if he was in any sort of similar condition two years ago when this Defendant asked him to drive his car, how under the sun he could ask him to drive his automobile to Canal Street if he had been in the same condition he is in today. He apparently lacks besides being mentally retarded, he lacks any schooling. He testifies he can’t read. The Defendant testifies he can. The Defendant took this statement himself on March 4th, 1958. The accident happened March 27th, 1958.
“BY MR. ZELDEN:
“October.
“BY THE COURT:
“October. It is obvious to the Court this boy would be subject to suggestion, and the statement taken from the boy of this caliber by a man of apparent education, as the Defendant is, seems to me to be of dubious character. The Court will enter a judgment for the Plaintiff as prayed.”
The judgment appealed from is correct and is affirmed.
Affirmed.